# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

|  |  |
|---|---|
| EXAMWORKS CLINICAL SOLUTIONS, LLC,<br><br>                      Plaintiff,<br><br>vs.<br><br>DANIEL ANDERS<br><br>                      Defendant. | Case No.<br><br><br><br>Date:        03/17/2017<br>Time:<br>Place: |

## COMPLAINT

Plaintiff ExamWorks Clinical Solutions, LLC ("ExamWorks"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Complaint against defendant, alleges as follows:

## INTRODUCTION

1. ExamWorks brings this action for a permanent injunction and damages in order to enforce and protect its rights and enforce Daniel Anders' obligations pursuant to the terms of his Stock Option Award Agreement executed by Anders (the "Agreement").

## PARTIES JURISDICTION AND VENUE

2. ExamWorks is a corporation properly formed under the laws of the State of Delaware with its principal place of business located at 2397 Huntcrest Way, Ste. 200, Lawrenceville, GA 30043.

3. Daniel Anders is a citizen of the State of Illinois residing at 808 West Grove Avenue, Waukegan, IL 60085.

4.      This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Anders and ExamWorks expressly agreed that the state and federal courts in the State of Delaware have exclusive jurisdiction over any action arising out of the Agreement, and waived any defense to personal jurisdiction and venue in such courts.

6.      ExamWorks operates throughout the United States as a provider of case management, pharmaceutical and Medicare compliance solutions providing coverage at the local, regional and national levels.

## FACTS COMMON TO ALL COUNTS

7.      ExamWorks employed Anders from approximately June 7, 2014 through November 25, 2016.

8.      During his tenure at ExamWorks, Anders served as ExamWorks' Senior Vice President of Legal and Compliance. In that capacity, Anders acted as a resource for employees, management, clients and others regarding Medicare Secondary Payer Act and its ramifications on Medicare compliance. He also provided legal analysis of statutes, regulations or rules affecting ExamWorks' business and advised clients and prospective clients regarding Medicare compliance issues, settlement strategies and product offerings.

9.      Anders' duties at ExamWorks included:

- Prepare written memoranda, correspondence, articles, or other documents on a variety of topics affecting the Medicare compliance industry.

- Provide legal analysis of statutes, regulations or rules affecting the business of the company, as they relate to all departments including Human Resources, Operations and Sales.

- Assist and/or provide expertise regarding legal aspects of current and future product offerings to ensure Medicare compliance and conformity with all applicable laws and/or regulations.

- Advise clients and prospective clients regarding Medicare compliance issues, settlement strategies and product offerings.

- Perform marketing and/or sales functions by providing legal expertise or opinions.

- Assist clients with the MSA submissions process, including CMS determinations and reconsiderations, regarding compliance and appropriate alternatives.

- Assist clients with the Lien Research cases, including education and understanding of the process, as well as with complex issues surrounding the agency.

10. During his employment with ExamWorks, Anders was a key employee in a senior position with access to confidential information and other valuable resources and assets of ExamWorks to which he would not have had access but for his employment.

11. The confidential information to which Anders had access solely by virtue of his employment includes, but is not limited to, company business plans, operations, products, strategies, marketing, sales, inventions, designs, costs, legal strategies, finances, employees; company customers, prospective customers, customers' particularized preferences and needs, identity of key contacts, company licensees and licensors, and company revenue, rates and profit margin.

12. Anders executed the Agreement on September 30, 2014.

13. As consideration for ExamWorks' entering into the Agreement and undertaking its obligations to Anders provided therein, Anders' agreed to "Long-Term Consideration"

2267577v.5

intended to protect ExamWorks' legitimate interests in protecting its competitive advantage by preserving and protecting the confidentiality of information and business relationships to which Anders was given access by virtue of his employment and/or for the development of which he was fairly compensated.

14. By executing the Agreement, Anders agreed to non-disclosure of Confidential Information, including but not limited to the information described above in paragraph 11.

15. Per the Agreement, Anders also agreed that he would not solicit ExamWorks' customers following separation from ExamWorks. He specifically agreed that he would not engage in any conduct which could in any way jeopardize or disturb any of the company's customer relationships. He also specifically agreed that for a period of two years after termination of employment, regardless of the reason, he shall not, directly or indirectly, market, offer, sell or otherwise furnish any products or services similar to, or otherwise competitive with, those offered by ExamWorks to customers or prospective customers.

16. Per the Agreement, Anders also agreed that he would not compete with ExamWorks. That is, Anders specifically agreed that for a period of two years after termination of employment with ExamWorks for any reason, Anders shall not directly or indirectly compete (as defined in the Agreement) with ExamWorks anywhere in the United States.

17. The Agreement precludes Anders from, among other things, having any interest in, working for, advising, consulting or providing any service for any entity engaged in the same or similar business as ExamWorks. He also is precluded from participating in the ownership, operation management or control of any business in competition with ExamWorks.

2267577v.5

18. By letter dated November 11, 2016, Anders tendered his resignation from ExamWorks effective November 25, 2016.

19. On December 2, 2016, the Assistant General Counsel for ExamWorks sent a letter to Anders reminding him of the terms of the Agreement, demanding that he honor the terms of the Agreement (the "Demand Letter").

20. Anders did not and has not complied with the Demand Letter.

21. Anders has accepted employment with and is currently serving as Chief Compliance Officer for Tower MSA.

22. Tower MSA is a direct competitor of ExamWorks.

23. ExamWorks has learned that, as Chief Compliance Officer for Tower MSA, Anders oversees the Medicare Secondary Payer (MSP) compliance program with responsibility for ensuring the integrity and quality of the MSA program and other MSP compliance services and products for Tower MSA

24. As Chief Compliance Officer for Tower MSA, Anders also provides education and consultation to Tower MSA clients on all aspects of MSP compliance.

25. Anders' acceptance of employment as Chief Compliance Officer with Tower MSA is in violation of Anders' Agreement with ExamWorks.

26. On February 13, 2017, Anders and Tower MSA transmitted and\or otherwise published to its clients and prospective clients (who are also ExamWorks' clients and

prospective clients) an article summarizing a recent court decision addressing a challenge to the Centers for Medicare and Medicaid practice of over-inclusive reimbursement demands.

27. The February 13 publication constitutes a direct or indirect violation of Anders' obligation to not solicit ExamWorks' clients or otherwise compete against Exam Works.

28. Upon information and belief, Anders has continued and will continue to solicit clients of ExamWorks in violation of the Agreement.

## COUNT I
### (Breach of Contract)

29. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

30. The Agreement constitutes a valid and enforceable contract between Anders and ExamWorks.

31. Anders has taken a position in management with a direct competitor of ExamWorks which engages in a Restricted Business as defined by the Agreement.

32. Anders has acted and continues to act in violation of his duties and obligations under the Agreement through his attempts to compete with ExamWorks in violation of the Agreement, constituting a breach.

33. ExamWorks has been damaged and will be further damaged by Anders' conduct in violation of the Agreement in an amount to be determined at trial.

2267577v.5

**COUNT II**
**(Tortious Interference with**
**Prospective Economic Advantage)**

34.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

35.     This interference has, or will, cause ExamWorks to incur damages through the loss of customers on account of Anders' association with and solicitation of clients for Tower MSA.

36.     This interference has, or will, cause ExamWorks damages through the leveraging of proprietary information possessed by Anders with regards to Plaintiff's products, costs, pricing, and business relationships by a direct competitor.

37.     The foregoing conduct constitutes a past, present and continuing interference with ExamWorks' present and prospective economic advantage.

38.     Accordingly, ExamWorks has been damaged in an amount to be determined at trial.

**COUNT II**
**(Permanent Injunction)**

39.     ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

40.     Anders' actions in competing with ExamWorks has caused and will continue to cause irreparable harm to ExamWorks, including the irreparable injury to and loss of competitive advantage, customer and vendor relationships, and panel physician relationships.

2267577v.5

41. Anders' use of proprietary information to compete with ExamWorks  has caused and will continued to cause irreparable harm to ExamWorks, including the irreparable injury to, and loss of, competitive advantage and customer relationships.

42. Anders' solicitation of customers with whom ExamWorks enjoys productive business relationships has caused and will continued to cause irreparable harm to ExamWorks, including the loss of good will, reputation, customer relationships, talent, and other valuable business assets of ExamWorks.

43. ExamWorks has no adequate remedy at law.

44. Anders should be permanently enjoined from further breaching his duties and obligations under the Agreement that could cause, or magnify, injury to ExamWorks.

**WHEREFORE**, ExamWorks demands judgment against Anders as follows:

a. That defendant be ordered to pay for all costs, attorneys fees, and damages incurred by ExamWorks on account of his breach of contract in an amount to be determined at trial;

b. Granting the preliminary injunctive relief as requested below;

c. That Anders be enjoined, for the period from the present through the date that is two years from the date of entry of judgment, from being employed by, otherwise working or having any business relationship with any competitor of ExamWorks or otherwise competing with ExamWorks with respect to ExamWorks' business or present or prospective customers;

2267577v.5

d. That Anders, and all those acting in concert or participation with him, be enjoined from contacting, or doing any business with, any present or prospective customer of ExamWorks, utilizing any information confidential or proprietary to ExamWorks;

e. That Anders, and all those acting in concert or participation with him, be preliminarily and permanently enjoined from disclosing or utilizing any confidential or proprietary information and trade secrets of ExamWorks;

f. That Anders be required to identify anyone with whom he already has shared any confidential or proprietary information and trade secrets of ExamWorks;

g. That an impartial monitoring system be implemented to insure that no further wrongful conduct, or confidential information disclosure or use by defendant, will take place, which system is to include periodic certifications of compliance by Anders;

h. That defendant account for all revenue and profits received by him or any entity with whom he is associated from any present or prospective customer of ExamWorks;

i. Lost profits and compensatory damages;

j. Punitive damages for defendant's intentional and tortious conduct; and

k. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ExamWorks demands trial by jury in this action of all issues so triable.

2267577v.5

By: /s/ *Elizabeth B. Sandza*
   Elizabeth B. Sandza, Esq.
   Attorney at Law
   Wilson Elser Moskowitz Edelman & Dicker LLP
   700 11th Street, NW, Suite 400
   Washington, D.C. 20001
   202.626.9091 (Direct)
   202.494.8811 (Cell)
   202.626.7660 (Main)
   202.628.3606 (Fax)
   elizabeth.sandza@wilsonelser.com

2267577v.5